Dear Representative Mitchell,
¶ 0 This office has received your request for an Attorney General's Opinion in which you asked the following questions:
1. Is it unlawful for an insurance company, health maintenanceorganization, or other sponsor of a health insurance plan to buya product or service by offering a contracted fee schedule orreimbursement level to health care providers that would result inthe selling of that product or service below cost, as defined inthe Oklahoma Unfair Sales Act?
 2. Is it unlawful for a provider of health care to enter intoa contract with an insurance company, health insurance company,health maintenance organization, or other sponsor of a healthinsurance plan that results in the sale of a product or servicebelow cost, as defined in the Oklahoma Unfair Sales Act?
¶ 1 The Unfair Sales Act is found at 15 O.S. 1991, §§ 598.1[15-598.1]
through 598.11 ("the Act"). In the Act, the Legislature announced State policy denouncing below-cost sale prices:
 It is hereby declared that any advertising, offer to sell, or sale of any merchandise, either by retailers or wholesalers, at less than cost as defined in this Act with the intent and purpose of inducing the purchase of other merchandise or of unfairly diverting trade from a competitor or otherwise injuring a competitor, impair and prevent fair competition, injure public welfare, are unfair competition and contrary to public policy and the policy of this Act, where the result of such advertising, offer or sale is to tend to deceive any purchaser or prospective purchaser, or to substantially lessen competition, or to unreasonably restrain trade, or to tend to create a monopoly in any line of commerce.
15 O.S. 1991, § 598.3[15-598.3].
¶ 2 To battle such unfair competition, the Legislature made the selling, advertising, and offering to sell merchandise at less than the seller's cost a misdemeanor:
 Any retailer who shall in contravention of the policy of this Act, advertise, offer to sell or sell at retail any item of merchandise at less than cost to the retailer as defined in this Act; or any wholesaler who shall in contravention of the policy of this act, advertise, offer to sell, or sell at wholesale any item of merchandise at less than cost to the wholesaler as defined in this Act, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than Five Hundred Dollars ($500.00).
15 O.S. 1991, § 598.4[15-598.4]
¶ 3 The criminal prohibition applies only to the advertising, offer to sell, or sale of merchandise. The Act does not define "merchandise"; however, legislators defined "sell at retail" and "sell at wholesale" in such a way as to show that readers should consider merchandise in its normal sense to include only goods and not services:
 (e) The terms "sell at retail", "sales at retail", and "retail sale" shall mean and include any transfer for a valuable consideration made in the ordinary course of trade or in the usual prosecution of the seller's business of title to tangible personal property to the purchaser for consumption or use other than resale or further processing or manufacturing. . . .
 (f) The terms "sell at wholesale", "sales at wholesale", and" wholesale sales" shall mean and include any transfer for a valuable consideration made in the ordinary course of trade or the usual conduct of the seller's business, of title to tangible personal property to the purchaser for purposes of resale or further processing or manufacturing.
15 O.S. 1991, § 598.2[15-598.2] (emphasis added).
¶ 4 In light of the Act's clear language, sales, offers to sell, and advertisements of services are not included in the proscription; therefore, the answer to your inquiries about (1) whether it is unlawful for an insurer or health maintenance organization (HMO) to offer a fee schedule or reimbursement below the cost of providing a service or (2) whether it is unlawful for a health-care provider to accept such a schedule or reimbursement is no.
¶ 5 Furthermore, by its terms, Section 598.4 applies only to retailers and wholesalers. The Act defines a retailer as the person who conducts the sales defined in Section 598.2(e) and a wholesaler as one who sells items as defined in Section 598.2(f).15 O.S. 1991, § 598.2[15-598.2](g) and (h). These definitions do not include buyers. No other language in the Unfair Sales Act exists which makes it a crime for a buyer to ask for a price below the retailer or wholesaler's cost. The answer, therefore, to the remainder of your first question — whether it is unlawful for an insurer or HMO to offer to buy goods at less than cost — is also no.
¶ 6 While the Unfair Sales Act does not apply to services or buyers, it does apply to the sale of goods. Even in this arena, however, the Act excludes certain sales of goods from its proscription. For example, the Act does not apply to sales of perishable merchandise that must be sold quickly or to sales to charities, relief agencies, or governments. 15 O.S. 1991, §598.6[15-598.6].[1]
¶ 7 In addition, the Unfair Sales Act applies only to below-cost sales which (1) are made with the "intent and purpose" to deceive buyers, divert trade from a competitor unfairly, or otherwise injure, impair, or prevent fair competition and (2) tend to result in such deception, diversion, injury, impairment, or prevention. 15 O.S. 1991, §§ 598.3[15-598.3] and 598.4,and see, Glenn Smith Oil Company v. Sheets, 704 P. 2d 474, 478
(Okla. 1985). While the advertisement or sale below cost isprima facie evidence of the necessary intent and purpose, a defendant may rebut that presumption. Glenn Smith Oil,704 P. 2d at 478.
¶ 8 The Oklahoma Supreme Court has also said a below-cost sale may not be improper under the Unfair Sales Act if the merchant selling at less than his cost is meeting the price of his competitor so long as the competitor's price was not below his own cost. Glenn Smith Oil, 704 P. 2d at 478. See also, 15O.S. 1991, § 598.7[15-598.7]. However, if a merchant lowers his price to meet the competition and the competitor had illegally set his price below cost, both merchants are guilty of violating the Unfair Sales Act. Safeway Stores v. Oklahoma Retail GrocersAssociation, 322 P. 2d 179, 181 (Okla. 1957).
¶ 9 Considering these variables, the answer to the last part of your second question — whether it is unlawful for a health-care provider to contract to sell health-care products to an insurer or HMO at less than cost — is not simply yes or no. Generally, products cannot be sold at less than cost in Oklahoma; however, whether a specific below-cost sale is improper depends on whether (1) Section 598.6 exempts the sale from the Unfair Sales Act, (2) the seller acts with bad intent, (3) the sale harms competition, and (4) the seller meets a competitor's fair price. These are factual issues outside the scope of an Attorney General Opinion. 74 O.S. Supp. 1996, § 18b[74-18b](A)(5).
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Unfair Sales Act, 15 O.S. 1991, §§ 598.1[15-598.1] through598.11, does not apply to the sale of health-care services.
 2. The Unfair Sales Act does not prohibit buyers ofhealth-care goods from asking for a price below the seller'scost.
 3. The Unfair Sales Act generally applies to the sale ofhealth-care goods; however, whether the Act applies to a specificsale depends on whether that sale is exempted from the Act,whether the seller acts with bad intent, whether the sale tendsto result in harm to competition, and whether the seller ismeeting a competitor's fair price.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ANDREW TEVINGTON ASSISTANT ATTORNEY GENERAL
[1] The Oklahoma Pharmacy Act, 59 O.S. Supp. 1996, §§ 353-366[59-353-366], gives the State Board of Pharmacy certain responsibilities in the regulation of the sale of drugs; however, as seen by the absence of price regulation in the Pharmacy Board's rules, the board has not interpreted that power to include economic regulation such as that present in the Unfair Sales Act. 59 O.S. Supp. 1996, §353.7[59-353.7](2). The Oklahoma Pharmacy Act's provisions do not appear to conflict with the Unfair Sales Act and so will not be discussed here.